IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 4:17CR0293-40 BSM |
| | ) |
| KEVIN M. LONG | ) |

**FORFEITURE AGREEMENT**

1. Kevin M. Long ("Defendant") agrees to forfeit the following property: One (1) Taurus, model 992 Tracker, .22 caliber revolver, bearing serial number FW676839; and ammunition.

2. Defendant agrees to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. Defendant further agrees that the Attorney General of the United States (or his designee) has the sole discretion to determine how forfeited assets are used. Defendant understands that unless the Attorney General or his designee determines otherwise, the forfeiture of the above-described assets shall not count towards the satisfaction of any special assessment, fine, restitution, or any other penalty the Court may impose.

3. Defendant agrees not to assist any other individual in contesting the forfeiture of the assets described above and agrees that there was reasonable cause to seize those items. Defendant also agrees to prevent the disbursement of all assets described above if the disbursements are within Defendant's direct or indirect control.

4. Further, Defendant hereby withdraws all previously filed claims to, waives all interest in, and consents to the forfeiture of the above-described assets. The United States has the discretion to determine whether the forfeiture will be accomplished through an administrative or judicial forfeiture proceeding, which includes any criminal, criminal, civil, state, or federal action.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, under to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Defendant waives any right he may have to: (1) receive notice of any non-judicial forfeiture proceeding within the time provided by Title 18, United States Code, Section 983, and (2) have the property returned to him if notice is not sent within the prescribed period.

5. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

DATED this 10 day of June 2021.

_____
KEVIN M. LONG
Defendant

_____
JONATHAN LANE
Attorney for Defendant

2